**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHARLES E. SMITH, | : | **Hon. Renée Marie Bumb** |
| Petitioner, | : | Civil No. 09-0538 (RMB) |
| v. | : | |
| STATE OF NEW JERSEY, et al., | : | **OPINION** |
| Respondents. | : | |

**APPEARANCES**:

    CHARLES E. SMITH
    2636 Boas Street Apt. 9
    Harrisburg, Pennsylvania 17103
    Petitioner Pro Se

**BUMB**, District Judge:

    Petitioner Charles E. Smith filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his incarceration at the Dauphin County Prison in Harrisburg, Pennsylvania, and seeking dismissal of criminal charges pending against him in the Superior Court of New Jersey, Gloucester County.  For the reasons expressed below, this Court will dismiss the request for release as moot and dismiss the challenge to the New Jersey charges without prejudice to the filing of a petition pursuant to 28 U.S.C. § 2254 after Petitioner exhausts remedies available in the courts of the State of New Jersey.

## I.   BACKGROUND

When Petitioner filed this Petition on February 5, 2009, he was detained at the Dauphin County Prison in Harrisburg, Pennsylvania, awaiting extradition to New Jersey on criminal charges pending against him in the Superior Court of New Jersey, Law Division, Gloucester County.[1]  The Petition requests the following relief:

> Petitioner asks this Court to intervene & grant Habeas Corpus as the Superior Court of Gloucester County, New jersey, has not allowed the Petitioner to exhaust his remedies & proceed.  There also is no prima facie to support the charges as evidenced by the missing elements of the Indictment. Petitioner also requests an Emergent Decision as he is done with his Pennsylvania matters & therefore scheduled to be extradited soon as he has been notified by the prison records dept.  Petitioner also asks this Court to intervene because his Due process as guaranteed the 5th & 14th Amendments have been violated, and asks that this Court order the Warden of Dauphin County to release me, or in the event I'm transferred, order the warden of the Gloucester County Jail to release me.  Wherefore I pray for the release sought.

(Pet., Requested Relief) (Docket entry #1 at p. 8.)

---

[1] A grand jury of the State of New Jersey returned an indictment charging that on November 20, 2007, Petitioner conspired to commit shoplifting in violation of N.J. STAT. ANN. § 2C:20-11b(2), and hindered his own apprehension and prosecution by giving false information to a law enforcement officer, contrary to N.J. STAT. ANN. § 2C:29-3b(4).  See State v. Smith, Ind. No. 08-01-00097-I (N.J. Super. Ct., Law Div., July 2007 term) (Docket entry #1 at p. 23-24.)

In an addendum to the Petition, dated March 11, 2009, and received by the Clerk on March 16, 2009, Petitioner asserts that on February 27, 2009, New Jersey officials transported him from the Dauphin County Prison to the Gloucester County Jail in Woodbury, New Jersey.  (Addendum to Pet., ¶ 1) (Docket entry #4 at p. 2.)  He further alleges that on March 6, 2009, he appeared in the Superior Court of New Jersey, Law Division, and Judge Christine Allen-Jackson released him on his own recognizance and scheduled a pre-status conference in his criminal case for March 23, 2009.  (Id. at ¶¶ 4-5.)  Petitioner also notified the Clerk that he resides in an apartment in Harrisburg, Pennsylvania, and stated that, since he is still being prosecuted by the State of New Jersey, he would like to pursue relief from this Court.  (Id. at ¶ 7.)

## I.  STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition is required to specify all the grounds for relief available to the petitioner, state the facts supporting each ground, state the relief requested, and be signed under penalty of perjury.  See 28 U.S.C. § 2254 Rule 2(c), applicable to § 2241 petitions through Rule 1(b).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."

McFarland, 512 U.S. at 856; Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  Habeas Rule 4 accordingly requires the Court to examine a petition prior to ordering an answer and, if it appears "that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

### III.  DISCUSSION

A.  Challenge to Incarceration

At the time Petitioner submitted his Petition, he was confined at the Dauphin County Prison in Harrisburg, Pennsylvania, awaiting extradition to the State of New Jersey, and he sought release from detention.  On February 27, 2009, Petitioner arrived in New Jersey and he was detained at the Gloucester County Jail.  On March 6, 2009, the Superior Court of New Jersey ordered Petitioner's release on his own recognizance.  (Id.)  As Petitioner has been released, his request for release from incarceration will be dismissed as moot.[2]

---

[2] Even if Petitioner had not been released, it appears that this Court lacks personal jurisdiction over the Warden of Dauphin County Prison.  District courts are limited to granting habeas relief "within their respective jurisdictions," 28 U.S.C. § 2241(a), and the Supreme Court has interpreted this language to require "that the court issuing the writ have jurisdiction over the custodian." Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (citation omitted).  Thus, "in habeas challenges to present physical confinement - 'core challenges' - the default rule is that the proper respondent is the warden of the facility where
(continued...)

4

B.  Request to Dismiss New Jersey Criminal Charges

A district court has subject matter jurisdiction under 28 U.S.C. § 2241(c)(3) to entertain a pretrial petition for habeas corpus brought by a person who is in custody pursuant to an untried state indictment.  See Maleng v. Cook, 490 U.S. 488, 490 (1989); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Mokone v. Fenton, 710 F.2d 998, 999 (3d Cir. 1983); Moore v. DeYoung, 515 F.2d 437, 442, 443 (3d Cir. 1975). This Court construes Petitioner's stated desire in the addendum to continue to pursue this Petition in regard to the New Jersey charges, despite his release, as an implied request that this Court order dismissal of the pending New Jersey criminal charges on the grounds that the indictment is defective and Petitioner's extradition rights were violated.  The Extradition Act, 18 U.S.C. § 3182,N.J. STAT. ANN. § 2A:160-1 et seq.,[3] provides that, when the

---

[2](...continued)
the prisoner is being held, not the Attorney General or some other remote supervisory official." Rumsfeld v. Padilla, 542 U.S. 426, 435(2004); accord Yi v. Maugans, 24 F.3d 500 (3d Cir. 1994). "The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Padilla at 443.

[3] The Extradition Clause of the Constitution provides:

> A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to
(continued...)

5

executive authority of one state demands of the executive authority of another state a person as a fugitive from justice and produces an indictment or affidavit made before a magistrate which charges the person with a crime, the executive authority of the asylum state is required to arrest the fugitive, notify the demanding state, and confine the fugitive for a minimum of 30 days. See 18 U.S.C. § 3182. The Extradition Act, like the Uniform Criminal Extradition Law ("UCEL"), N.J. STAT. ANN. § 2A:160-9 et seq., requires the governor of the asylum state to honor a proper demand for a fugitive who has fled the demanding state. See 18 U.S.C. § 3182; N.J. STAT. ANN. § 2A:160-11, 15. If the governor of the asylum state decides that the demand is proper, then the governor must sign a warrant authorizing a peace officer to arrest the fugitive and deliver him to an agent of the demanding state. See N.J. STAT. ANN. § 2A:160-15, 16. The officer in the asylum state who executes the arrest warrant may confine the fugitive in a county jail, and "the keeper of such jail must receive and safely keep the prisoner until the officer

---

[3](...continued)
   be removed to the State having Jurisdiction
   of the Crime.

U.S. CONST. art. IV, § 2, cl. 2. The Extradition Act, 18 U.S.C. § 3182, N.J. STAT. ANN. § 2A:160-1 et seq., provides procedures to carry out the constitutional mandate. See New Mexico ex rel. Ortiz v. Reed, 524 U.S. 151, 152 (1998); Cuyler v. Adams, 449 U.S. 433, 443 (1981).

6

or person having charge of him is ready to proceed on his route." N.J. STAT. ANN. § 2A:160-20.

Petitioner is correct that, under the terms of UCEL, a fugitive in the asylum state may not be delivered to the demanding state unless he is first taken before a judge who informs him of the demand and the crime with which he is charged, and asks him if he desires to test the legality of his arrest. N.J. STAT. ANN. § 2A:160-18.  If the fugitive desires to test the legality of his arrest, then the law requires the judge in the asylum state to fix a reasonable time within which the fugitive may apply for a writ of habeas corpus.[4]  Id.

This Court makes no finding as to whether violation of the aforesaid extradition laws would ever warrant dismissal of an

---

[4] Alternatively, a person may file a complaint and affidavit in the courts of the asylum state charging the fugitive with a crime or violation of parole or probation in another state.  N.J. STAT. ANN. § 2A:160-21.  In that case, the UCEL requires a judge or magistrate of the asylum state to issue an arrest warrant. Id.  When the fugitive is brought before the judge, "the judge or magistrate must, by a warrant reciting the accusation, commit him to the county jail for such a time not exceeding 30 days and specified in the warrant, as will enable the arrest of the accused to be made under a warrant of the governor on a requisition of the executive authority of the state having jurisdiction of the offense, unless the accused give bail . . . or until he shall be legally discharged."  N.J. STAT. ANN. § 2A:160-23.  If the fugitive is not arrested under warrant of the governor by the expiration of the 30 days specified in the warrant, a judge may discharge him or recommit him for a period not to exceed 60 days.  N.J. STAT. ANN. § 2A:160-25.

underlying criminal charge.[5]  However, assuming without deciding that irregularities in extradition procedures could ever warrant dismissal of underlying criminal charges, this Court holds that it is not the province of this Court to dismiss the New Jersey charges in a pretrial § 2241 proceeding.  "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."  Braden, 410 U.S. at 489 (quoting Ex parte Royall, 117 U.S. 241, 253 (1886)).  The proper procedure for a defendant who seeks dismissal of state criminal charges is to exhaust his federal claims before all three levels of the New Jersey courts and, if he is unsuccessful, to thereafter present them to this Court in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  See Moore, 515 F.2d at 449.  For example, in Moore, a New Jersey pretrial detainee filed a § 2241 petition in this Court asserting denial of the right to a speedy trial and seeking discharge from custody and an injunction against New Jersey criminal proceedings.  This Court granted pretrial habeas relief, and the Third Circuit reversed on the grounds that the petitioner had not exhausted the merits of his speedy trial claim before the New Jersey courts and the alleged denial of a speedy

---

[5] If extradition irregularities do not warrant dismissal, then Petitioner's claim necessarily lacks merit.

trial is not an extraordinary circumstance warranting pre-trial habeas relief.  See Moore, 515 F. 2d at 447.  In doing so, the court observed:

> Petitioner . . . will have an opportunity to raise his claimed denial of the right to a speedy trial . . . in any subsequent appellate proceedings in the state courts.  Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented.  These procedures amply serve to protect [Petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes.

Moore, 515 F.2d at 449.

Although Petitioner asserts that the Superior Court of New Jersey is refusing to proceed with his case, it is clear from the addendum that the Law Division is litigating the matter.  This Court finds that exceptional circumstances of peculiar urgency do not exist and that Petitioner is not entitled to a pretrial Writ of Habeas Corpus dismissing the charges.  This Court will dismiss the Petition, without prejudice to Petitioner's filing a petition under 28 U.S.C. § 2254 after exhausting his federal claims before all three levels of the New Jersey courts.

## IV.  CONCLUSION

Based on the foregoing, this Court will dismiss the Petition without prejudice.

s/Renée Marie Bumb  
**RENÉE MARIE BUMB**  
United States District Judge

Dated: <u>September 22, 2009</u>